1

**WOLF HALDENSTEIN ADLER
   FREEMAN & HERZ LLP**

2

BETSY C. MANIFOLD (182450)
RACHELE R. RICKERT (190634)

3

BRITTANY N. DEJONG (258766)
750 B Street, Suite 2770

4

San Diego, CA 92101
Telephone:  619-239-4599

5

Facsimile:  619-234-4599
manifold@whafh.com

6

rickert@whafh.com
dejong@whafh.com

7

8

**WOLF HALDENSTEIN ADLER
   FREEMAN & HERZ LLP**

9

JANINE L. POLLACK
MATTHEW M. GUINEY

10

MICHAEL M. LISKOW (243899)
270 Madison Avenue

11

New York, NY 10016
Telephone: 212/545-4600

12

Facsimile: 212/545-4677
pollack@whafh.com

13

guiney@whafh.com
liskow@whafh.com

14

15

Counsel for Plaintiff

16

UNITED STATES DISTRICT COURT

17

FOR THE NORTHERN DISTRICT OF CALIFORNIA

18

19

DANIEL GOLDMAN, on behalf of himself
and all others similarly situated,

)
)
)

Case No.:

20

Plaintiff,

)
)
)

**CLASS ACTION COMPLAINT**

21

v.

)
)

22

BAYER AG, BAYER CORPORATION, and
BAYER HEALTHCARE, LLC,

)
)
)

**JURY TRIAL DEMANDED**

23

24

Defendants.

)
)
)

25

)
)

26

_____

)

27

28

CLASS ACTION COMPLAINT

1.     Plaintiff Daniel Goldman ("Plaintiff"), by his undersigned counsel and on behalf of himself and all others similarly situated, complaining of defendants Bayer AG, Bayer Corporation and Bayer HealthCare, LLC (collectively, "Bayer"), alleges upon information and belief as follows:

## PRELIMINARY STATEMENT

2.     This is a proposed class action seeking redress for Bayer's deceptive practices in connection with the sale of ONE A DAY VitaCraves multivitamins ("ONE A DAY VitaCraves").

3.     Bayer deceptively misrepresents the number of days' worth of multivitamins in each bottle of ONE A DAY VitaCraves in violation of various state consumer protection laws.

4.     The Company has affirmatively represented that each bottle of ONE A DAY VitaCraves provides a certain number of days' worth of vitamins when, in fact, each bottle contains only *half* of that number of days' worth of vitamins.

5.     More specifically, the principal display panel prominently states "ONE A DAY" and also prominently displays the number of gummies or chews contained in each bottle. Consequently, reasonable consumers purchasing a bottle of ONE A DAY VitaCraves understand that they should take *one* ONE A DAY VitaCraves per day, and that each bottle contains the number of days' worth vitamins equal to the number of gummies in the bottle.

6.     Reasonable consumers purchasing a bottle of ONE A DAY VitaCraves containing 70 gummies, for example, understand that the bottle contains 70 days' worth of vitamins by virtue of taking *one* ONE A DAY VitaCrave each day for 70 days.

7.     In fact, contrary to the prominent representation on the principal display panel on each bottle, consumers must take *two* ONE A DAY VitaCraves per day in order to receive *one* daily serving size of vitamins.   As a consequence, a bottle of ONE A DAY VitaCraves containing 70 gummies provides only 35 days' worth of vitamins because the recommended serving size is *two* ONE A DAY VitaCraves per day.

///

///

CLASS ACTION COMPLAINT – CASE NO.

8. Because the principal display panel causes consumers to believe that each bottle contains precisely twice as many days' worth of vitamins as is actually provided, the label is illegal and deceptive and reasonable consumers are likely to be deceived.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over the subject matter of this action pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d), and 28 U.S.C. § 1332(a), because the aggregate amount in controversy exceeds $5,000,000 and there is diversity between plaintiff and a defendant.

10. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b). Defendant conducts substantial business in this District, has significant contacts with this District, and otherwise purposely avails itself of the markets in this District, through the promotion, sale and marketing of its products in this district.

## PARTIES

*Plaintiff*

11. Plaintiff Daniel Goldman is an individual residing in Oakland, California. On or about December 19, 2016, during the class period (as defined below), Plaintiff purchased ONE A DAY VitaCraves from one or more retailers in California, including CVS, for personal, family or household purposes. The principal display panel on the bottle of ONE A DAY VitaCraves purchased by Plaintiff prominently advertised "ONE A DAY" at the top of the label along with  "1" prominently displayed behind the phrase "ONE A DAY" as follows: The principal display panel also prominently indicated that the bottle contained "70 Gummies" in total. Plaintiff read these representations – namely, that the bottle contained 70 days' worth of vitamins – and relied upon them when purchasing ONE A DAY VitaCraves. Plaintiff was injured as a consequence of the misleading and deceptive principal display panel because the bottle contained only half of the number of days' worth of vitamins as advertised.

12. On or about December 1, 2016, during the class period (as defined below), Plaintiff Goldman purchased ONE A DAY VitaCraves from one or more retailers in New York, including CVS, for personal, family or household purposes. The principal display panel on the

CLASS ACTION COMPLAINT

-2-

bottle of ONE A DAY VitaCraves purchased by Plaintiff prominently advertised "ONE A DAY" at the top of the label  e numeral "1" prominently displayed behind the phrase "ONE A DAY" as follows:   The principal display panel also prominently indicated that the bottle contained "70 Gummies" in total.  Plaintiff read these representations – namely, that the bottle contained 70 days' worth of vitamins – and relied upon them when purchasing ONE A DAY VitaCraves.  Plaintiff was injured as a consequence of the misleading and deceptive principal display panel because the bottle contained only half of the number of days' worth of vitamins as advertised.

***Defendants***

13.    Defendant Bayer AG is a German multinational chemical and pharmaceutical company headquartered in Leverkusen, Germany.

14.    Defendant Bayer Corporation is an Indiana corporation and is wholly owned by Bayer AG and maintains its principle place of business at 100 Bayer Road, Pittsburgh, PA 15205.

15.    Defendant Bayer HealthCare, LLC is a Delaware limited liability company and wholly owned by Bayer Corporation.  Bayer HealthCare, LLC's registered agent is located at 2711 Centerville Road, Suite 400, Wilmington, DE.  Bayer HealthCare, LLC is responsible for the marketing, distribution, and sale of ONE A DAY VitaCraves to millions of consumers throughout the United States.  Bayer HealthCare, LLC owns the trademark for both "ONE A DAY" and "VitaCraves" marks.

16.    Bayer AG, Bayer Corporation and Bayer HealthCare, LLC are collectively referred to herein as "Bayer."

## GENERAL ALLEGATIONS

17.    Bayer markets and sells numerous multivitamin products under the "ONE A DAY" brand name.

18.    Bayer's website explains that ONE A DAY multivitamins are designed specifically for men, women, children, the elderly and pregnant women.

CLASS ACTION COMPLAINT

19.     Bayer's ONE A DAY brand multivitamins come in a variety of forms (pill, small pill, gummy, chocolate-flavored chew or fruit-flavored chew) and purportedly provide a variety of health supports (eye health, heart health, bone health, immune health, physical energy, skin health, metabolism and prenatal).

20.     One particular line of ONE A DAY multivitamins is Bayer's VitaCraves line of multivitamins.

21.     As Bayer's website explains, "You're always looking for new ways to enjoy a healthy lifestyle.  ONE A DAY® VitaCraves® give you the nutritional support of a complete multivitamin in either a fruity, tasty gummy or ChewyBites, a hard-shelled, chocolatey, chewy bite.  There's a flavor and a formula for everyone.  Find the VitaCraves® multivitamin that's right for you." *One A Day VitaCraves Multivitamins,* ONEADAY.COM, https://www.oneaday.com/products-vitacraves (last visited Feb. 7, 2017).

22.     Bayer sells at least ten different ONE A DAY VitaCraves products including: ONE A DAY Women's VitaCraves Gummies; ONE A DAY Men's VitaCraves Gummies; ONE A DAY VitaCraves Gummies With Healthy Metabolism Support; ONE A DAY Teen for Her VitaCraves Gummies; ONE A DAY Teen for Him VitaCraves Gummies; ONE A DAY VitaCraves Gummies with Immunity Support; ONE A DAY VitaCraves Gummies With Omega-3 DHA; ONE A DAY VitaCraves Regular Gummies; ONE A DAY VitaCraves Gummies with Energy Support; and ONE A DAY VitaCraves ChewyBites.

23.     Bayer markets each of these ONE A DAY VitaCraves by prominently displaying the phrase "ONE A DAY" with the numeral "1" behind the "ONE A DAY" phrase on the principal display panel of each bottle.

24.     Bayer also displays the number of gummies contained in each bottle prominently on the bottom right corner of the principal display panel.

25.     An example is below:

///

///

///

-4 -

CLASS ACTION COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



26.     The principal display panel on each product line of ONE A DAY VitaCraves is identical to the multivitamin purchased by Plaintiff because each multivitamin line prominently bears the identical "ONE A DAY" direction and also prominently displays the number of gummies or chews contained in each bottle in precisely the same manner.

27.     Attached hereto as Exhibits A - J are the principal display panels for each type of ONE A DAY VitaCraves.

28.     Reasonable consumers purchasing a bottle of ONE A DAY VitaCraves understand that they should take *one* ONE A DAY VitaCraves gummy *per day*, and, consequently, that each bottle contains the number of days' worth of vitamins equal to the number of gummies in each bottle.

-5 -

CLASS ACTION COMPLAINT

29.     Reasonable consumers purchasing a bottle of ONE A DAY VitaCraves containing 70 gummies, for example, understand that the bottle contains 70 days' worth of vitamins. Specifically, reasonable consumers understand that there are 70 days' worth of gummies in each bottle by virtue of taking **one** ONE A DAY **per day** for 70 days.

30.     In fact, contrary to the prominent representation on the front principal display panel on each bottle of ONE A DAY VitaCraves vitamins, consumers must take **two** ONE A DAY VitaCraves multivitamins per day to receive a single daily serving of vitamins.

31.     A bottle of ONE A DAY VitaCraves vitamins containing 70 gummies provides just 35 days' worth of vitamins because the serving size is **two** gummies or chews per day for **each** ONE A DAY VitaCraves product line.

32.     Consequently, **each** bottle of ONE A DAY VitaCraves vitamins advertising a particular number of days' worth of vitamins in fact contains only **one half that number** of days' worth of vitamins.

33.     ONE A DAY VitaCraves vitamins **do not** prominently display the actual days' worth of vitamins per container on the front-facing principal display panel.  Rather, each bottle of ONE A DAY VitaCraves vitamins advertises that it contains precisely **double** the actual days' worth of vitamins as a consequence of the deceptive and misleading ONE A DAY terminology prominently displayed on the front-facing principal display panel facing customers on the shelves of a store.

34.     Bayer only discloses the number of days' worth of vitamins in each bottle of ONE A DAY VitaCraves vitamins on the supplemental facts panel on the **back** of the bottle – the part of the label that consumers **do not** see when viewing ONE A DAY VitaCraves on the shelves of a store.

35.     But reasonable customers should not be expected to look behind the misleading representations on the **front** of the bottle to discern the truth from the nutritional panel in small print on the **back** of the bottle.

36.     Because the principal display panel causes consumers to believe that each bottle of ONE A DAY VitaCraves contains precisely twice as many days' worth of vitamins as is

CLASS ACTION COMPLAINT

-6 -

actually provided, the label is illegal and deceptive and reasonable consumers are likely to be deceived.

37.     For example, an article on *Business Insider* recounted one consumer's experience: "A reader noticed that the bottle of One A Day VitaCraves (for adults) gummies that he bought actually instruct you to take **two** each day.  There are 50 total gummies in a bottle, so it lasts for less than a month if used as instructed.  He felt like he was completely misled."  Kim Bhasin, *'One A Day' Vitamin Gummies Instruct You to Take Two A Day*, Business Insider (Sep. 6, 2012), http://www.businessinsider.com/one-a-day-vitamin-gummies-2012-9 (last visited Feb. 7, 2017) (emphasis in original).

38.     Consequently, ONE A DAY VitaCraves front-facing principal display panels are false, misleading, unfair and deceptive because they advertise the number of gummies in each bottle along with the direction to take "ONE A DAY."

39.     To the best of Plaintiff's knowledge, **every other line** of ONE A DAY vitamins requires consumers to take just one vitamin pill or capsule per day to receive the recommended daily allowance of vitamins.

40.     As a consequence of the front-facing principal display panels that misleadingly disclosed to buyers they needed to take just **one** gummy per day to receive a full serving size, Plaintiff and the Class paid, at the very least, precisely twice as much for the product in reliance on the misrepresentations about the quantity of product being purchased.

41.     Indeed, Bayer's ONE A DAY VitaCraves gummy vitamins cost between $0.26 and $0.34 **per serving** whereas Bayer's other vitamin products, such as ONE A DAY Women's and ONE A DAY Men's Health Formula cost approximately $0.09 **per serving**.

42.     The principal display panel causes consumers to believe that they are purchasing a number of days' worth of vitamins equal to the number of gummies enclosed in each bottle.  In fact, consumers are purchasing only **half** of that amount.  Consequently, Bayer's claims are illegal and deceptive and reasonable consumers are likely to be deceived.

43.     Plaintiff and the class incurred a financial injury upon purchasing ONE A DAY VitaCraves vitamins based upon Bayer's deceptive statements.

CLASS ACTION COMPLAINT

-7 -

44.     Plaintiff and the class personally viewed the misrepresentations on the front-facing principal display panel of each bottle of ONE A DAY VitaCraves gummy vitamins, were deceived by them, and were financially damaged as a result.

45.     The Plaintiff and the Class would not have otherwise purchased ONE A DAY VitaCraves gummy vitamins absent the false and misleading representations or, at the very least, would not have paid as much as they did.

46.     Bayer continues to advertise, distribute, label, manufacture market and sell ONE A DAY VitaCraves gummy vitamins in the false, misleading unfair and deceptive manner described herein.

### PLAINTIFF'S CLASS ACTION ALLEGATIONS

47.     Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 23.  Plaintiff seeks to represent the following classes:

a.     National:  All persons in the United States who purchased Bayer's ONE A DAY VitaCraves vitamins at any time during the applicable limitations period (the "National Class" or "Class" during the "National Class Period").  Excluded from the Class are Defendants' officers and directors and the immediate families of Defendants' officers and directors.  Also excluded from the National Class are the Defendants and their subsidiaries, parents, affiliates, joint venturers, and any entity in which Defendants have or have had a controlling interest.

b.     California:   All persons who purchased Bayer ONE A DAY VitaCraves vitamins in the state of California within four years of the date of the filing of this complaint (the "California Class").  Excluded from the California Class are Defendants' officers and directors and the immediate families of Defendants' officers and directors.  Also excluded from the California Class are the Defendants and their subsidiaries, parents, affiliates, joint venturers, and any entity in which Defendants have or have had a controlling interest.

c.     New York:   All persons who purchased Bayer ONE A DAY VitaCraves vitamins in the state of New York within three years of the date of filing of this

complaint (the "New York Class").  Excluded from the New York Class are Defendants' officers and directors and the immediate families of Defendants' officers and directors.  Also excluded from the New York Class are the Defendants and their subsidiaries, parents, affiliates, joint venturers, and any entity in which Defendants have or have had a controlling interest.

48.    For purposes of the complaint, the term "Class" refers collectively to the National, New York and California Classes, the phrase "Class Members" refers to all members of the Class, including the named Plaintiff, and the term "Class Periods" refers collectively to the National, New York and California Class Periods.

49.    This action has been brought and may properly be maintained as a class action against Bayer pursuant to the provisions of Fed. R. Civ. P. 23 because there is a well-defined community of interest in the litigation and there is an administratively feasible way to identify Class members.

50.    Numerosity: Plaintiff does not know the exact size of the Class, but given the nature of the claims and Bayer's sales of ONE A DAY VitaCraves vitamins nationally, Plaintiff believes that Class Members are so numerous that joinder of all members of the Class is impracticable as Bayer sold hundreds of millions of dollars' worth of ONE A DAY VitaCraves vitamins during the Class Period.

51.    Common Questions Predominate: This action involves common questions of law and fact because each Class Member's claim derives from the same deceptive practices.  The common questions of law and fact involved predominate over questions that affect only Plaintiff or individual Class Members. Thus, proof of a common or single set of facts will establish the right of each member of the Class to recover. Among the questions of law and fact common to the Class are:

a.    Whether Bayer marketed and sold ONE A DAY VitaCraves vitamins to Plaintiff, and those similarly situated, using deceptive statements or representations;

b.    Whether Bayer omitted or misrepresented material facts in connection with the marketing and sale of ONE A DAY VitaCraves vitamins;

-9 -

CLASS ACTION COMPLAINT

     c.     Whether Bayer engaged in a common course of conduct as described in this Complaint;

     d.     Whether Bayer's marketing and sales of ONE A DAY VitaCraves vitamins constitutes a deceptive practice; and

     e.     Whether, and to what extent, injunctive relief should be imposed on Bayer to prevent such conduct in the future.

52.     Typicality: Plaintiff's claims are typical of the Class because all Class Members purchased products bearing Bayer's deceptive claims.  Bayer's deceptive actions concern the same business practices described in this Complaint, irrespective of where they occurred or were received.  The injuries and damages of each Class Member were caused directly by Bayer's illegal conduct as alleged in this Complaint.

53.     Adequacy: Plaintiff will fairly and adequately protect the interests of all Class Members because it is in their best interests to prosecute the claims alleged in this Complaint to obtain full compensation they are due for Bayer's illegal conduct.

54.     Plaintiff also has no interests that conflict with or are antagonistic to the interests of Class Members.  Plaintiff has retained highly competent and experienced class action attorneys to represent their interests and that of the Class. No conflict of interest exists between Plaintiff and Class Members because all questions of law and fact regarding liability of Bayer are common to Class Members and predominate over the individual issues that may exist, such that by prevailing on their own claims, Plaintiff necessarily will establish Bayer's liability to all Class Members. Plaintiff and his counsel have the necessary financial resources to adequately and vigorously litigate this class action, and Plaintiff and counsel are aware of their fiduciary responsibilities to the Class Members and are determined to diligently discharge those duties seeking the maximum possible recovery for the Class Members.

55.     Superiority: There is no plain, speedy, or adequate remedy other than by maintenance of this class action. The prosecution of individual remedies by members of the Class will tend to establish inconsistent standards of conduct for Bayer and result in the impairment of Class Members' rights and disposition of their interests through actions to which

CLASS ACTION COMPLAINT

-10-

they were not parties. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would engender. Furthermore, as the damages suffered by each individual member of the Class may be relatively small, the expenses and the burden of individual litigation would make it difficult or impossible for individual members of the Class to redress the wrongs done to them, while an important public interest will be served by addressing the matter as a class action.

56.     The prerequisites to maintaining a class action for injunctive or equitable relief pursuant to Fed. R. Civ. P. 23(b)(2) are met as Bayer has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive or equitable relief with respect to the Class as a whole.

57.     The prerequisites to maintaining a class action for damages pursuant to Fed. R. Civ. P 23(b)(3) are met as the questions of law or fact common to class members predominate over any questions affecting only individual members and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

58.     Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

### FIRST CAUSE OF ACTION
**Violations of California's Consumer Legal Remedies Act,**
**California Civil Code § 1750, *et seq.***
**(On Behalf of the California Class)**

59.     Plaintiff incorporates and re-alleges the allegations set forth in paragraphs 1 through 58 above.

60.     Plaintiff brings this claim individually and on behalf of the other members of the California Class.

61.     This cause of action is brought pursuant to the California Consumers Legal Remedies Act, Cal. Civ. Code § 1750, *et seq.* (the "CLRA").

///

///

-11 -

CLASS ACTION COMPLAINT

62.     Bayer's actions, representations and conduct have violated, and continue to violate, the CLRA because they extend to transactions that are intended to result, or which have resulted, in the sale or lease of goods or services to consumers.

63.     Plaintiff and the other California Class Members are "consumers" as that term is defined by the CLRA in California Civil Code section 1761(d).

64.     The products that Plaintiff and other members of the California Class purchased from Defendant were "goods" within the meaning of California Civil Code section 1761(a).

65.     Bayer intended to sell the product to, *inter alia*, Plaintiff and the members of the California Class.

66.     Bayer has made and continues to make deceptive, false and misleading statements concerning the number of servings of ONE A DAY VitaCraves vitamins in each bottle.

67.     Bayer violated the CLRA in at least the following respects:

a.      In violation of section 1770(a)(5), in that Bayer represented that each bottle of ONE A DAY VitaCraves has quantities which they do not have; and

b.      In violation of section 1770(a)(9), in that Bayer advertised ONE A DAY VitaCraves with intent not to sell them as advertised.

68.     The acts and omissions of Bayer constitute unfair, deceptive and misleading business practices in violation of California Civil Code section 1770(a).

69.     On December 29, 2016, Plaintiff sent notice to Bayer in writing, by certified mail, of the violations alleged herein and demanded that Bayer remedy those violations.

70.     As of February 8, 2017, Bayer has not ceased the challenged conduct or responded to Plaintiff's demand letter.

71.     As a result, Plaintiff now seeks actual, punitive, and statutory damages pursuant to the CLRA for the California Class.

72.     The conduct by Bayer was malicious, fraudulent, and wanton in that Bayer intentionally and knowingly provided misleading information to the public.

///

///

CLASS ACTION COMPLAINT

**SECOND CAUSE OF ACTION**
**Violation of California's Business & Professions Code,**
**§ 17200, *et seq.* - Unlawful, Unfair and Deceptive Business Acts and Practices**
**(On Behalf of the California Class)**

73. Plaintiff incorporates and re-allege the allegations as set forth in paragraphs 1 through 72 above.

74. Defendants' conduct as set forth herein constitutes unlawful, unfair and deceptive business acts and practices within the meaning of the California Business & Professions Code section 17200, *et seq.*

75. Defendants sold the Product in California during the relevant class period applicable to Plaintiff and the members of the California Class.

76. Defendants are each a "person" within the meaning of the Sherman Food Drug & Cosmetic Law, California Health & Safety Code section 109875, *et seq.* (the "Sherman Law").

77. Defendants' business practices, as described herein, are unlawful, unfair and deceptive under section 17200, *et seq.* by virtue of Defendants' violations of the advertising provisions of Article 3 of the Sherman Law and the misbranded food provisions of Article 6 of the Sherman Law.

78. Defendants' business practices are unlawful, unfair and deceptive under section 17200, *et seq.* by virtue of Defendants' violations of section 17500, *et seq.*, which forbids untrue and misleading advertising.

79. Defendants' business practices are unlawful, unfair and deceptive under section 17200, *et seq.* by virtue of Defendants' violations of the Consumers Legal Remedies Act, California Civil Code section 1750, *et seq.*

80. Defendants sold Plaintiff and the members of the California class the ONE A DAY VitaCraves, which were worth less than advertised, and Plaintiff and the members of the California Class paid a premium price for the multivitamins.

81. As a result of Defendants' illegal, unfair and deceptive business practices, Plaintiff and the members of the California Class, pursuant to California Business and Professions Code section 17203, are entitled to an order enjoining such future conduct and such

CLASS ACTION COMPLAINT

other orders and judgments which may be necessary to disgorge Defendants' ill-gotten gains and to restore to Plaintiff and members of the California Class any money paid for ONE A DAY VitaCraves.

**THIRD CAUSE OF ACTION**
**Violations of New York General Business Law § 349**
**(On Behalf of the New York Class)**

82.     Plaintiff incorporates and re-alleges the allegations as set forth in paragraphs 1 through 58 above.

83.     Plaintiff brings this claim individually and on behalf of the other members of the New York Class for violations of New York's Deceptive Acts or Practices Law, Gen. Bus. Law § 349.

84.     Defendants have made and continue to make deceptive, false and misleading statements concerning the number of days' worth of vitamins in each bottle of ONE A DAY VitaCraves vitamins, namely manufacturing, selling, marketing, packaging and advertising the products with false and misleading statements concerning the number of days' worth of vitamins in each bottle.

85.     Defendants intend to create consumer confusion by causing purchasers to believe they were purchasing double the number of days' worth of vitamins than they were actually purchasing.

86.     By the acts and conduct alleged herein, Defendants committed unfair or deceptive acts and practices.

87.     The foregoing deceptive acts and practices were directed at consumers.

88.     Plaintiff and the other Class members suffered a loss as a result of Defendants' deceptive and unfair trade acts.

**FOURTH CAUSE OF ACTION**
**(In the alternative)**
**Unjust Enrichment**
**(On Behalf of the National Class)**

89.     Plaintiff incorporates and re-alleges the allegations set forth in paragraphs 1 through 58 above.

CLASS ACTION COMPLAINT

90.     As a result of Bayer's deceptive marketing and labeling of its ONE A DAY VitaCraves vitamins, as described above, Bayer was enriched, at the expense of Plaintiff and those similarly situated, through the payment of the purchase price for ONE A DAY VitaCraves vitamins.

91.     Under the circumstances, it would be against equity and good conscience to permit Bayer to retain the ill-gotten benefits that it received from Plaintiff and those similarly situated, in light of the fact that Plaintiff believed he was purchasing double the number of days' worth of vitamins as they were actually purchasing but instead, Plaintiff received only half of what he believed he was purchasing.  Thus, it would be unjust or inequitable for Bayer to retain the benefit without restitution to Plaintiff, and those similarly situated, for monies paid to Bayer for ONE A DAY VitaCraves vitamins.

## FIFTH CAUSE OF ACTION
### (In the alternative)
### California Common Law Regarding Breach of Express Warranty
### (On Behalf of the California Class)

92.     Plaintiff incorporates and re-alleges the allegations as set forth in paragraphs 1 through 58 above.

93.     By operation of California law, Defendants entered into a contract with each member of the California class when the member purchased ONE A DAY VitaCraves vitamins in California.

94.     By operation of California law, the terms of this contract included an express warranty incorporating the identical affirmation, promise and description by Defendants regarding ONE A DAY VitaCraves vitamins, made in writing on the label, that the Product contained the number of days' worth of vitamins as the number of gummies in each bottle by virtue of advertising that the customer should take "ONE A DAY."

95.     The relevant terms and language of the express warranty between Defendants and each member of the California class are identical.

96.     Defendants have breached the terms of this express warranty in an identical manner for each member of the California class because ONE A DAY VitaCraves vitamin

CLASS ACTION COMPLAINT

bottles actually only one half of the number of days' worth of vitamins in each bottle as advertised.

97.     As a direct and proximate result of this breach of express warranty by Defendants, each member of the California class has suffered economic loss.

### PRAYER FOR RELIEF

THEREFORE, Plaintiff asks the Court to enter the following judgment:

a.     Approving of the Class, certifying Plaintiff as a representative of the Class, and designating his counsel as counsel for the Class;

b.     Declaring that Bayer has committed the violations alleged herein;

c.     Granting damages, restitution, or disgorgement to Plaintiff and the Class;

d.     Granting declaratory and injunctive relief to enjoin Defendant from engaging in the unlawful practices described in this Complaint;

e.     Granting compensatory damages, the amount of which is to be determined at trial;

f.     Granting punitive damages;

g.     Granting pre- and post-judgment interest;

h.     Granting attorneys' fees and costs; and

i.     Granting further relief as this Court may deem proper.

### JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

DATED:  February 8, 2017                    Respectfully Submitted,

**WOLF HALDENSTEIN ADLER
    FREEMAN & HERZ LLP**
BETSY C. MANIFOLD
RACHELE R. RICKERT
BRITTANY N. DEJONG

_____*/s/ Rachele R. Rickert*_____
        RACHELE R. RICKERT

750 B Street, Suite 2770
San Diego, California 92101
Telephone:  619/239-4599
Facsimile:  619/234-4599

CLASS ACTION COMPLAINT

-16 -

manifold@whafh.com
rickert@whafh.com
dejong@whafh.com

**WOLF HALDENSTEIN ADLER
  FREEMAN & HERZ LLP**
JANINE L. POLLACK
MATTHEW M. GUINEY
MICHAEL M. LISKOW
270 Madison Avenue
New York, New York 10016
Telephone:  212/545-4600
Facsimile:  212/545-4677
pollack@whafh.com
guiney@whafh.com
liskow@whafh.com

Counsel for Plaintiff

BAYER23668v2

CLASS ACTION COMPLAINT

# EXHIBIT A



# EXHIBIT B



# EXHIBIT C



# EXHIBIT D



# EXHIBIT E



# EXHIBIT F



# EXHIBIT G



# EXHIBIT H



# EXHIBIT I



# EXHIBIT J

