UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DANIEL GOLDMAN,

    Plaintiff,

    v.

BAYER AG, et al.,

    Defendants.

Case No. 17-cv-0647-PJH

**ORDER GRANTING MOTION TO DISMISS**

The motion of defendants Bayer AG, Bayer Corporation, and Bayer Healthcare LLC ("Bayer") to dismiss the complaint in the above-entitled action for failure to state a claim came on for hearing before this court on July 12, 2017. Plaintiff Daniel Goldman appeared by his counsel Matthew Guiney, and defendants appeared by their counsel Joshua Fougere. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, the court hereby GRANTS the motion.

## BACKGROUND

Bayer Healthcare LLC, a Delaware limited liability company that is wholly owned by Bayer Corporation, an Indiana corporation, which in turn is owned by Bayer AG, markets and sells multivitamins under the trademarked brand name "One A Day®." Cplt ¶¶ 13-15. Among the varieties of One A Day® vitamins are "gummy" (or edible) multivitamins sold under the name "One A Day® VitaCraves®." Cplt ¶¶ 20-21. These products include "adult" and "teen" multivitamin formulations. Cplt ¶ 22. Among these are "adult" formulations for "energy support," "immunity support," and "healthy

metabolism support;" "adult" formulations for men and women; and "teen" formulations for "him" and "her."  See Cplt ¶ 22 and Exhs. A-J.  Bayer Healthcare LLC owns the trademarks for One A Day® and VitaCraves® multivitamins.  Cplt ¶ 15.  While the daily dose (or "serving") of some One A Day® vitamins is one pill or capsule per day, the container for the One A Day® VitaCraves® indicates that the daily dose (or "serving") for those vitamins is two "gummies" a day.  Cplt ¶ 7.

Plaintiff, a resident of Oakland, California, filed the complaint on February 8, 2017.  The gist of the complaint is that Bayer has "affirmatively represented" on the "front" portion of the label on the container of One A Day® VitaCraves® that the bottle contains a specific number of days' worth of multivitamins (70 is the number at issue in the complaint), but that because the specified serving size is two "gummies," the bottle actually contains vitamins sufficient for only half the number of days (35) as there are "gummies" in the bottle.  See Cplt ¶¶ 3-7.

Plaintiff alleges that on December 1, 2016, he purchased One A Day® VitaCraves® from "one or more retailers in New York, including CVS[;]" that 18 days later, on December 19, 2016, he purchased One A Day® VitaCraves® from "one or more retailers in California, including CVS[;]" and that he relied on the statement on the "front" portion of the label on each container that the bottle contained "70 Gummies," which he interpreted to mean 70 days' worth of vitamins because the product brand name is "One A Day®."  Cplt ¶¶ 11-12.  Plaintiff alleges that the representation on the "front" portion of the label is "illegal and deceptive."  Cplt ¶ 8.

The court takes judicial notice of the following.  The One A Day® VitaCraves® container is round; the label wraps around the container, with approximately one-half inch of space between the beginning of the label and the end; because the container is round, only a portion of the label is visible and readable at any given time; and the label provides information about the multivitamins inside the container.

Plaintiff asserts that the label is "deceptive" because a reasonable consumer looking at the "front" portion of the label – the part facing outward when the product is

2

sitting on the store shelf (assuming the store clerk positioned it with the brand name facing exactly outward), or what plaintiff refers to as "the principal display panel," Cplt ¶ 40 – will not see the remaining portion of the label that is affixed to the round container. Plaintiff alleges that a reasonable consumer looking at the "front" portion of the label will conclude from the brand name ("One A Day®") and the notation "70 Gummies" that the bottle contains 70 days' worth of multivitamins.  Cplt ¶ 6.

Plaintiff claims that he was "injured" because the recommended serving is two "gummies" a day, and the bottles therefore actually contain only 35 days' worth of vitamins, not 70 days' worth as he thought when he purchased them.  Cplt ¶¶ 42-43.  He alleges that he and other consumers purchasing this line of multivitamins have actually paid "precisely twice as much for the product in reliance on the misrepresentation about the quantity of the product being purchased."  Cplt ¶ 40.

Plaintiff asserts five causes of action: (1) violation of California's Consumer Legal Remedies Act, Cal. Civ. Code § 1750, et seq. ("CLRA") (on behalf of a proposed California class); (2) unlawful/unfair/fraudulent business acts and practices, in violation of California Business & Professions Code § 17200 ("UCL") (on behalf of a proposed California class); (3) violation of New York's Deceptive Acts or Practices Law, N.Y. Gen. Bus. Law ("NYGBL") § 349 (on behalf of a proposed New York class); (4) an "alternative" claim of unjust enrichment (on behalf of a proposed "national" class); and (5) an "alternative claim" of breach of express warranty under California common law (on behalf of a proposed California class).  Bayer now seeks an order dismissing the complaint for failure to state a claim.

**DISCUSSION**

A.   Legal Standard

A motion to dismiss under Rule 12(b)(6) tests for the legal sufficiency of the claims alleged in the complaint.  Ileto v. Glock, 349 F.3d 1191, 1199-1200 (9th Cir. 2003). Under the minimal notice pleading requirements of Federal Rule of Civil Procedure 8, which requires that a complaint include a "short and plain statement of the claim showing

3

that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), a complaint may be dismissed under Rule 12(b)(6) if the plaintiff fails to state a cognizable legal theory, or has not alleged sufficient facts to support a cognizable legal theory. Somers v. Apple, Inc., 729 F.3d 953, 959 (9th Cir. 2013).

While the court must accept as true all the factual allegations in the complaint, legally conclusory statements, not supported by actual factual allegations, need not be accepted. Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009). The complaint must proffer sufficient facts to state a claim for relief that is plausible on its face. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 558-59 (2007) (citations and quotations omitted). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citation omitted). Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" Id. Where dismissal is warranted, it is generally without prejudice, unless it is clear the complaint cannot be saved by any amendment. Sparling v. Daou, 411 F.3d 1006, 1013 (9th Cir. 2005).

Review is generally limited to the contents of the complaint, although the court can also consider a document on which the complaint relies if the document is central to the claims asserted in the complaint, and no party questions the authenticity of the document. See Sanders v. Brown, 504 F.3d 903, 910 (9th Cir. 2007). That is, the court may consider matters that are properly the subject of judicial notice, Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005); Lee v. City of L.A., 250 F.3d 668, 688-89 (9th Cir. 2001), and may also consider exhibits attached to the complaint, see Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1555 n.19 (9th Cir. 1989), and documents referenced extensively in the complaint and documents that form the basis of

4

1  a the plaintiff's claims.  See No. 84 Emp'r-Teamster Jt. Counsel Pension Trust Fund v.
2  Am. W. Holding Corp., 320 F.3d 920, 925 n.2 (9th Cir. 2003).

3  B.    Defendants' Motion

4  As an initial matter, Bayer notes that two courts (the U.S. District Court for the
5  Eastern District of Arkansas, and a California state court) have dismissed cases with
6  identical factual allegations regarding this very same One A Day® VitaCraves®
7  multivitamin product.  These cases are Howard v. Bayer Corp., Case No. C-10-1662
8  DPM (E.D. Ark. July 22, 2011), appeal dismissed pursuant to stipulation (2011); and
9  Brady v. Bayer AG, Case No. 30-2016-000839608 CU (Orange Co. Sup. Ct. July 12,
10 2016), appeal pending).  Both those courts found that no reasonable consumer would be
11 misled by labeling that explicitly tells consumers what they need to know about a product.

12 In response, plaintiff asserts that Howard and Brady were "incorrectly decided"
13 under the law of the Ninth Circuit – specifically, Williams v. Gerber Prods. Co., 552 F.3d
14 394 (9th Cir. 2008) – because they in essence require a "reasonable consumer" to look
15 on the side of the label for information that "contradicts the representation on the front of
16 the box."

17     1.    Statutory consumer claims

18 Bayer argues that the California statutory claims in the first (CLRA) and second
19 (UCL) causes of action should be dismissed.  The CLRA prohibits "unfair methods of
20 competition and unfair or deceptive acts or practices."  Cal. Civ. Code § 1770.  The UCL
21 prohibits any "unlawful, unfair, or fraudulent business act or practice."  Cal. Bus. & Prof.
22 Code § 17200.  To state a plausible claim under either of these statutes, a plaintiff "must
23 allege that [d]efendant's representations are likely to deceive a reasonable consumer."
24 Williams, 552 F.3d at 938; Consumer Advocates v. Echostar Satellite Corp., 113 Cal.
25 App. 4th 1351, 1360 (2003).

26 In Williams, the Ninth Circuit concluded that the pictures of various types of fruit on
27 the front of the box of "fruit juice snacks" marketed for consumption by toddlers would
28 lead a reasonable consumer to conclude that the "snacks" contained juice from those

5

1  same fruits, and held that a reasonable consumer cannot be expected to look beyond
2  misleading representations on the front of the package to examine an ingredient list in
3  small print on the side of the package.  Id., 552 F.3d at 936-40.

4  Williams involved a challenge to an affirmative misrepresentation.  The Ninth
5  Circuit held that the claim was not suitable for dismissal as a matter of law, because a
6  factfinder could find that certain features of the packaging used for the fruit juice "snacks"
7  could likely deceive a reasonable consumer.  "The product is called 'fruit juice snacks'
8  and the packaging pictures a number of different fruits, potentially suggesting (falsely)
9  that those fruits or their juices are contained in the product."  Id. at 939.  Moreover,
10 Williams held that the existence of the nutritional information and ingredients list printed
11 on the packaging did not render the claim suitable for dismissal, because the "FDA [does
12 not] require[ ] an ingredient list so that manufacturers can mislead consumers and then
13 rely on the ingredient list to correct those misinterpretations and provide a shield for
14 deniability for the deception."  Id. at 939-40.

15 Bayer argues that the CLRA and UCL claims fail because a reasonable consumer
16 who is a member of the target population would not be deceived.  Under both the CLRA
17 and UCL, a plaintiff must show "potential deception of consumers acting reasonably in
18 the circumstances – not just any consumers."  See Hill v. Roll Int'l Corp., 195 Cal. App.
19 4th 1295, 1304 (2011).  "A representation does not become 'false and deceptive' merely
20 because it will be unreasonably misunderstood by an insignificant and unrepresentative
21 segment of that class of persons to whom the representation is addressed."  See Lavie v.
22 Procter & Gamble Co., 105 Cal. App. 4th 496, 507 (2003).

23 Bayer reiterates that the Howard and Brady courts dismissed similar claims
24 regarding the "One A Day® VitaCraves®" label, finding that no reasonable consumer
25 would be deceived because the label expressly says "Serving size: 2 gummies," and
26 argues that no reasonable consumer would be misled by labeling that explicitly tells
27 consumers what they need to know.  That is, while the brand name "One A Day®"
28 appears on the front portion of the label that wraps around each bottle or container, along

1  with the notation "multivitamin, multimineral supplement" and the number of "gummies,"
2  the remainder of the label lists the ingredients (types and amounts of vitamins "per
3  serving," plus other ingredients) and also states that a "serving size" is "2 gummies" and
4  that there are "35 servings" in a container of 70 "gummies," and provides the "directions"
5  as "Fully chew two gummies daily."  Thus, Bayer asserts, the label viewed in its entirety
6  would tell a reasonable consumer everything he or she needed to know about the
7  multivitamins.

8        Bayer points to decisions by other courts that have dismissed analogous claims –
9  e.g., Dumas v. Diageo PLC, 2016 WL 1367511 at *3 (S.D. Cal. Apr. 6, 2016) (rejecting
10 claim that consumer was deceived into believing that Red Stripe beer is brewed in
11 Jamaica because of representation that it is "Jamaican-style Lager," because the bottom
12 of the packaging states that it is brewed and bottled by the Red Stripe Beer Company in
13 Pennsylvania); Simpson v. Kroger Corp., 219 Cal. App. 4th 1352, 1372 (2013) (rejecting
14 claim that prominent use of "Butter" on product label would lead a reasonable consumer
15 to believe he had purchased a product containing only butter, because the top and side
16 panels of the container said the product contained canola or olive oil in addition to butter);
17 Hairston v. S.Beach Beverage Co., 2012 WL 1893818 at *4-5 (C.D. Cal. May 18, 2012)
18 (rejecting claim that label of vitamin-enriched drink was deceptive, because the language
19 was not used "in a vacuum" and any ambiguity about the vitamins in the container was
20 clarified by the detailed information in the ingredient list).

21       In opposition, plaintiff contends that courts in this district and others in the Ninth
22 Circuit routinely deny motions to dismiss in light of Williams.  He cites a number of
23 decisions from federal district courts in California, most of which involved claims that
24 language on the product packaging was deceptive – e.g., Torrent v. Ollivier, 2016 WL
25 4596341 (C.D. Cal. Sept. 2, 2016) (language that goji berries originated in the Himalayan
26 mountains and that the goji berry was "the most famous berry" in the Himalayans,
27 suggested that "Himalania brand goji berries" were harvested in the Himalayan
28 mountains, when in fact they were not); Hunter v. Nature's Way Prods., LLC, 2016 WL

1  4262188 (S.D. Cal. Aug. 12, 2016) (language implied that coconut oil was more healthy
2  than butter or margarine or other oils, when in fact it also contained saturated fat); Kumar
3  v. Salov N. Am. Corp., 2015 WL 457692 (N.D. Cal. Feb. 3, 2015) (language that olive oil
4  was "imported from Italy" implied that the olives from which the oil was made were grown
5  in Italy, when in fact they were grown elsewhere and shipped to Italy)  Koenig v. Snapple
6  Beverage Corp., 713 F.Supp. 2d 1066 (E.D. Cal. 2010) (use of label "all natural" on
7  products containing high fructose corn syrup or other suspect ingredients suggested that
8  the products were in fact "all natural" when in plaintiff's view they were not).

9  Plaintiff attempts to distinguish the rulings in the Dumas case, the Simpson case,
10 and the Hairston case, on the basis that in those cases it was "manifestly and objectively
11 impossible for the representation to be deceptive," as they involved "rare" situations
12 where the clarifying disclosures were so clear and conspicuous they could not mislead.
13 Plaintiff argues that this case is also distinguishable from the fanciful-name "cereal"
14 cases ("Froot Loops" and "Crunch Berries") because in those cases the courts held it
15 was not reasonable for consumers to believe that Froot Loops actually had fruit or that
16 Crunch Berries actually had "crunch berries" (which do not exist).  Plaintiff claims that
17 those products are "gimmicks" that use "metaphorical characters" and "cartoon imagery"
18 to sell cereal, and thus cannot be compared to vitamins sold under the "One A Day®"
19 brand.

20 In addition, as noted above, plaintiff argues that the Brady and Howard decisions
21 were wrongly decided.  Both decisions held among other things that no reasonable
22 consumer would be misled by the "One A Day®" label at issue here because a
23 reasonable consumer of medicine or a medicine-like substance like vitamins would not
24 stop with the brand name, and because there were no allegations of misrepresentations
25 by defendant other than the brand name.  Plaintiff contends that these decisions were
26 "incorrectly decided" under Williams because the courts ruled that a "reasonable
27 consumer" must look on the side of the label for information that "contradicts the
28 representation on the front of the box."  Plaintiff argues that Williams says just the

8

1  opposite – that a reasonable consumer need not look beyond the misleading
2  misrepresentations on the front of the "box" to discover the truth from an ingredient list in
3  small print on the side of the box.
4        Finally, plaintiff attaches a copy of an amicus brief filed in the Brady appeal by the
5  California Attorney General ("AG"), criticizing the lower court's consideration of the "side
6  label" submitted by Bayer in that litigation because Bayer had imposed yellow
7  highlighting on the phrases "Fully chew two gummies daily" and "Serving size: 2
8  gummies." Plaintiff contends that the copy of its brief submitted by Bayer contains the
9  exact same image of the "side label" here, with the exact same highlighting. Plaintiff
10 argues that the court should not take judicial notice of this "side label" because it is not an
11 accurate representation of the label that appears on the bottles of One A Day® vitamins
12 (because it is highlighted).
13       Bayer argues further that the third (NYGBL) cause of action should be dismissed
14 because it is simply a "replay" of the California claims. NYGBL § 349 prohibits
15 "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the
16 furnishing of any service in this state." NYGBL § 349. To state a claim under NYGBL
17 § 349, a plaintiff must allege facts showing that "(1) the act or practice was consumer-
18 oriented; (2) the act or practice was misleading in a material respect; and (3) the plaintiff
19 was injured as a result." Spagnola v. Chubb Corp., 574 F.3d 64, 74 (2d Cir. 2009); see
20 also Stutman v. Chem. Bank, 95 N.Y.2d 24, 29 (2000).
21       As is true with the CLRA and the UCL, a claim under NYGBL § 349 is premised on
22 a "reasonable consumer" standard. See Spagnola, 574 F.3d at 74 (plaintiff must show
23 that the alleged deceptive act was likely to "mislead a reasonable consumer acting
24 reasonably under the circumstances"); see also Fink v. Time Warner Cable, 714 F.3d
25 739, 741-42, (2nd Cir. 2013). In addition, "in determining whether a reasonable
26 consumer would have been misled by a particular advertisement, context is crucial" and
27 "under certain circumstances, the presence of a disclaimer or similar clarifying language
28 may defeat a claim of deception." Fink, 714 F.3d at 741-42. Bayer contends (citing

Brady and Howard) that because a reasonable consumer of medicine or a medicine-like substance such as vitamins would read the label for the dosage, the New York claim should be dismissed for failure to state a claim.

In opposition, plaintiff asserts that the complaint adequately states a claim under NYGBL § 349. Plaintiff agrees with Bayer's contention that "[t]his is just a replay of the California claims," but argues that because (in plaintiff's view) the complaint adequately alleges claims under the CLRA and UCL, it also adequately alleges a claim under NYGBL § 349.

The court finds that the motion to dismiss the statutory consumer claims must be GRANTED. Violations of the UCL and CLRA are evaluated from the vantage point of a "reasonable consumer." Reid v. Johnson & Johnson, 780 F.3d 952, 958 (9th Cir. 2015) (citing Williams, 552 F.3d at 938). The same standard applies to the NYGBL § 349 claim. See Fink, 714 F.3d at 741. Under that test, a plaintiff must "show that members of the public are likely to be deceived." Reid, 780 F.3d at 958; see also Fink, 714 F.3d at 741.

Plaintiff's claim depends entirely on the number of "gummies" a consumer must take in order to get a full "day[']s worth of vitamins." See Cplt ¶¶ 3-5 ("Bayer deceptively misrepresents the number of days' worth of multivitamins in each bottle[;]" Bayer "has affirmatively represented that each bottle" of One A Day® VitaCraves® "provides a certain number of days' worth of vitamins, when in fact, each bottle contains only half of that number of days' worth of vitamins"). Plaintiff asserts that a reasonable consumer would look only at the front portion of the label, and only at the brand name ("One A Day®") and the indication as to how many "gummies" are in the container, and thereby conclude there are 70 days' worth even though this representation is not made on the container. This allegation is implausible.

A "reasonable consumer" who is purchasing vitamins – choosing from the many different brands and formulas that are available on store shelves in the United States – would look at the entire label to see what vitamins or other nutrients were included in the formula. It is implausible that a reasonable consumer would purchase "multivitamins"

10

1  without even knowing what he/she was purchasing – particularly in a case such as this,
2  where (according to the complaint) Bayer offers One A Day® VitaCraves® in at least ten
3  different formulations.  See Cplt. Exhs. A-J.
4       It is true that the question whether a business practice is deceptive will often
5  involve questions of fact not appropriate for decision on a motion to dismiss.  See, e.g.,
6  Williams, 552 F.3d at 938-39 (citing Linear Technology Corp. v. Applied Materials, Inc.,
7  152 Cal. App. 4th 115, 134-35 (2007)).  However, courts have dismissed claims when
8  allegations of deception were implausible on their face and went against "well-known
9  facts of life."  See, e.g., Red v. Kraft Foods, Inc., 2012 WL 5504011 at *3-4 (C.D. Cal.
10 Oct. 25, 2012) (dismissing claims based on phrase "made with real vegetables" because
11 "it strains credulity" to imagine that a reasonable consumer would believe that a box of
12 crackers is "healthful or contains a huge amounts of vegetables"); Hill, 195 Cal. App. 4th
13 at 1304-05 (dismissing UCL and CLRA claims because a sole "green drop" symbol on
14 the labels of water bottles could not plausibly suggest that "the product is endorsed for
15 environmental superiority by a third party organization"); Videtto v. Kellogg USA, 2009
16 WL 1439086 at *3 (E.D. Cal. May 21, 2009) (dismissing claims because it was unlikely
17 members of the public would believe that "Froot Loops" cereal contains real, nutritious
18 fruit).
19      Here, it is implausible that a reasonable consumer would look at only the front
20 portion of a label that wraps around a round container of multivitamins, and conclude
21 from the combination of "One A Day®" (a 70-year-old brand name) and the statement "70
22 Gummies" that the bottle contains 70 days' worth of multivitamins.  Consumers buy
23 multivitamins precisely to obtain an aggregate amount of vitamins, and it is implausible
24 that a purchaser would not look at  the label to see what vitamins are included and in
25 what quantity.  A reasonable consumer would not purchase multivitamins before
26 determining what vitamins were in the formulation, and that information is clearly listed on
27 the remainder of the One A Day® VitaCraves® label, along with the information that the
28 serving size is "2 gummies" and the number of "Servings per Container" is 35.

11

Moreover, "One A Day®" is a brand name, not directions. No reasonable consumer would be deceived by the label on the One A Day® VitaCraves® bottle. Even if the brand name could be construed as descriptive, it does not say "One Pill A Day." Taken literally, the reference to One A Day could be a reference to one serving a day, one time a day, or one pill or "gummy" a day. Indeed, the California AG conceded in its amicus brief in the Brady appeal that "One A Day" could mean "one serving a day."

The information that "a serving" is two "gummies" is not hidden; nor is the direction to "fully chew two gummies daily." A reasonable consumer would simply need turn the bottle slightly to one side to see it. It is also not in "tiny print" as plaintiff claims. And more importantly, it does not contradict the language "70 Gummies" on the "front" portion of the label. The facts in Williams – which plaintiff has tried to argue are essentially the same as in this case – are distinguishable, as both Howard and Brady recognized. The Ninth Circuit recently clarified in Ebner v. Fresh, Inc., 838 F.3d 958, 966 (9th Cir. 2016) that "Williams stands for the proposition that if the defendant commits an act of deception, the presence of fine print revealing the truth is insufficient to dispel that deception." Here, however, neither the brand name nor the front portion of the "One A Day®" label nor the statement as to the number of "gummies" included (70) can be considered deceptive, and none of these is contradicted by anything on the remainder of the label, which tells a reasonable consumer everything he/she needs to know.

The parties agree that the New York claim is "a replay of the California claims," and the court finds that because no reasonable consumer in California would be deceived by the One A Day® bottle label, no reasonable consumer in New York would either. Indeed, there appears to be little to distinguish the New York claim, generally, from the California consumer claims. The only difference is that a prerequisite for a claim under NYGBL § 349 is that the product was purchased in New York. Here, plaintiff claims that he purchased the first bottle of vitamins in New York. However, he has not alleged facts showing that a reasonable consumer would be deceived by the One A Day® labeling.

      2.      Unjust enrichment claim

Bayer asserts that the fourth (unjust enrichment) cause of action should be dismissed. This claim is pled "in the alternative" on behalf of a purported "national" class. See Cplt ¶¶ 89-91. Plaintiff alleges that "[a]s a result of deceptive marketing and labeling" of its One A Day® and VitaCraves® vitamins, "as described above," Bayer "was enriched, at the expense of [p]laintiff and those similarly situated, through the payment of the purchase price" for One A Day® VitaCraves® vitamins. Cplt ¶ 90. Plaintiff asserts further that "[u]nder the circumstances, it would be against equity and good conscience to permit Bayer to retain the ill-gotten benefits that it received from [p]laintiff and those similarly situated," as plaintiff "believed he was purchasing double the number of days' worth of vitamins as they [sic] were actually purchasing, but instead [p]laintiff received only half of what he believed he was purchasing." Cplt ¶ 91.

Bayer notes that plaintiff identifies no source of law for this claim, but asserts that the two jurisdictions plaintiff does identify – California and New York – recognize that a claim for unjust enrichment cannot stand when the complaint's other causes of action fail to state a claim.

In opposition, plaintiff asserts that the complaint adequately alleges an unjust enrichment claim. Plaintiff argues that the complaint adequately states a claim under both California and New York law, and that the motion to dismiss the unjust enrichment claim should be denied because "it seeks an available remedy" (citing Astiana v. Hain Celestial Group, Inc., 783 F.3d 753, 762 (9th Cir. 2015)).

The court finds that the motion to dismiss the unjust enrichment cause of action must be GRANTED. Not all courts are in accord, but the majority rule in California is that there is no standalone cause of action for "unjust enrichment;" however, all courts acknowledge that unjust enrichment is synonymous with "restitution." See Levine v. Blue Shield of Cal., 189 Cal. App. 4th 1117, 1138 (2010).

Under the law of restitution, "[a]n individual is required to make restitution if he or she is unjustly enriched at the expense of another. A person is enriched if the person

13

receives a benefit at another's expense." Nevertheless, "[t]he fact that one person benefits another is not, by itself, sufficient to require restitution. The person receiving the benefit is required to make restitution only if the circumstances are such that, as between the two individuals, it is unjust for the person to retain it." Durell v. Sharp Healthcare, 183 Cal. App. 4th 1350, 1370 (2010) (citations and quotations omitted).

Unjust enrichment and restitution describe the theory underlying a claim that the defendant has been unjustly conferred a benefit "through mistake, fraud, coercion, or request" and it is the return of that benefit which is the remedy typically sought in a quasi-contract cause of action. See Astiana, 783 F.3d at 762 (citation and quotation omitted). The Ninth Circuit has construed the common law to allow an unjust enrichment/restitution cause of action through a claim of quasi-contract. See ESG Capital Partners, LP v. Stratos, 828 F.3d 1023, 1038 (9th Cir. 2016) (citing Astiana, 783 F.3d at 762 ("When a plaintiff alleges unjust enrichment, a court may 'construe the cause of action as a quasi-contract claim seeking restitution.'") (quoting Rutherford Holdings, LLC v. Plaza Del Rey, 223 Cal.App.4th 221, 231 (2014))).

Put another way, a claim of unjust enrichment cannot stand without a cognizable claim under a quasi-contractual theory or some other misconduct. See Jogani v. Superior Court, 165 Cal. App. 4th 901, 911 (2008); Melchior v. New Line Prods., Inc., 106 Cal. App. 4th 779, 793 (2003). To allege a claim of quasi-contract seeking restitution, a plaintiff must show that the defendant received and unjustly retained a benefit at the plaintiff's expense. Stratos, 828 F.3d at 1039 (citing Lectrodryer v. SeoulBank, 77 Cal. App.4th 723, 726 (2000)); see also Weitzenkorn v. Lesser, 40 Cal. 2d 778, 794 (1953).[1]

---

[1] The California Supreme Court has recognized claims for reimbursement for unjust enrichment based on quasi-contract in the insurance context. See Hartford Cas. Ins. Co. v. J.R. Mktg., L.L.C., 61 Cal. 4th 988, 992-93, 998-1000 (2015) (allowing restitution in "duty to defend" case where insurer challenged fees charged by Cumis counsel as "unreasonable and unnecessary"). In a recent unpublished memorandum disposition, designated as "not precedent except as provided by Ninth Circuit Rule 36-3, the Ninth Circuit reversed a ruling by a district court that a claim in a consumer case for "restitution based on unjust enrichment/quasi-contract" based on claims of unlawful, fraudulent, and misleading advertising, marketing, and sales of misbranded food products, under the UCL, the CLRA, and the Song-Beverly Consumer Warranty Act, failed to state a claim

Here, plaintiff does not allege a claim of quasi-contract, and the court finds that the unjust enrichment cause of action cannot be so construed.  Because plaintiff alleges only that Bayer was "unjustly enriched" as a result of the deceptive marketing and labeling of its One A Day® VitaCraves® multivitamins, the claim for unjust enrichment is premised on the same allegations as the UCL, CLRA, and (possibly) breach of warranty claim.  However, for reasons stated above, plaintiff has failed to allege facts showing that the marketing/labeling on the VitaCraves® multivitamins container is deceptive.  Accordingly, plaintiff has failed to allege facts showing that Bayer unjustly retained a benefit at plaintiff's expense.

3.   California warranty claim

Bayer argues that the fifth (breach of express warranty) cause of action fails, just as it did in Brady and Howard.  To state a claim for breach of express warranty, the plaintiff must plead facts showing that the seller's statements constitute an affirmation of fact or promise or a description of the goods; that the statement was part of the basis of the bargain; and that the warranty was breached.  See Weinstat v. Dentsply Int'l., Inc., 180 Cal. App. 4th 1213, 1227 (2010).

Bayer contends that under California Commercial Code § 10215, a representation regarding the product or goods does not control if it is contradicted by more specific language on the same label, as "[e]xact or technical specifications displace . . . general language of description."  Bayer argues that the clear and more specific language about serving size on the back of the container defeats plaintiff's warranty claim.

In opposition, plaintiff asserts that under California Commercial Code § 2313(1)(b), a product label can create an express warranty, if it contains a description of the goods that is part of the basis of the bargain.  Here, plaintiff argues, the label of the product at issue represents that consumers should take "One" VitaCraves® "gummy" vitamin "A

---

because California courts do not recognize "unjust enrichment" as a separate cause of action.  The Ninth Circuit relied on Hartford to hold that the plaintiff could proceed with a claim for "restitution based on unjust enrichment/quasi-contract."  See Bruton v. Gerber Prods. Co., __ Fed. Appx. __, 2017 WL 3016740 (9th Cir., July 17, 2017).

Day."  Plaintiff contends that this "warranty" was breached when Bayer failed to supply a product that conformed to the One A Day® "affirmations of fact."

In response to Bayer's assertion that a representation does not qualify for purposes of breach of express warranty if it is contradicted by more specific language on the label, plaintiff again asserts that the Howard and Brady orders on which Bayer relies were "wrongly decided."  Plaintiff argues that under Williams, a manufacturer may not make a misrepresentation on the front of a package but rely on information on the side of the package to correct those misinterpretations and provide a shield for liability for the deception.  Plaintiff contends that Bayer has clearly "described" the vitamins as "One A Day" which plaintiff claims creates an express warranty to which the product must conform.  Plaintiff asserts that this warranty was breached by the fact that consumers must take two gummies to receive one serving, and that they consequently receive only half of the represented supply in each bottle purchased.

The court finds that the motion to dismiss the breach of warranty claim must be GRANTED.  The brand name. "One A Day®" is not an affirmative representation.  The "front" portion of the label states that there are "70 Gummies" in the bottle – not 70 servings or doses.  It also does not list the vitamins that are in the multivitamin formulation.  In order to obtain that information, a prospective consumer must turn the (round) bottle slightly to one side.  At that point, the consumer will see "Directions" – "Fully chew two gummies daily" – and "Supplement Facts," including the notation that the "serving size" is "2 gummies," and the "servings per container" is "35," as well as a list of the various vitamins, the number of calories, and the carbohydrates in each serving, plus the other (non-vitamin) ingredients.

The entire label constitutes an "affirmation of fact or promise or description of the goods" – that is, the description of the contents as being "70 Gummies" and the instructions that in order to obtain the amount of vitamins listed "per serving" in the "Supplement Facts," the consumer must take "2 Gummies" and chew them thoroughly.  This is the basis of the bargain, and none of it is breached.

Finally, the court notes that Williams did not address the law on breach of warranty, but rather simply concluded that disposition of the warranty claims should parallel disposition of the other claims.  See id., 552 F.3d at 940 n.5.  Similarly, in this case, plaintiff's warranty claim fails as a matter of law in part because his other claims lack merit.

## CONCLUSION

In accordance with the foregoing, Bayer's motion to dismiss is GRANTED.  The court finds no dispute of fact, and finds further that granting leave to amend the complaint would be futile, as plaintiff cannot possibly allege facts sufficient to make a plausible showing that a reasonable consumer would be deceived by the label on the One A Day® VitaCraves® bottle as to the number of "gummies" included, when that information is accurately stated, or as to the number of servings per bottle, when that number is also accurately stated.

The court asked at the hearing what additional facts plaintiff could allege if the court dismissed the case with leave to amend, and plaintiff's counsel suggested that he could arrange for consumer surveys to be conducted which he believed would show that a reasonable consumer would be misled into believing that "70 gummies" means "70 servings."  Generally speaking, a survey might be necessary or helpful in proving a claim of deception, and plaintiff is correct that he is not required to prove his claim at this stage.  However, to state a claim he must still plausibly allege that he was deceived by information that is plainly accurate.  Accordingly, the dismissal is WITH PREJUDICE.

**IT IS SO ORDERED.**

Dated:  July 26, 2017

_____
PHYLLIS J. HAMILTON
United States District Judge